**Ida PRYOR, Plaintiff—Appellant,**

v.

**Jo Anne B. BARNHART, Commissioner of Social Security Administration, Defendant—Appellee.**

**No. 04–35010.**

United States Court of Appeals, Ninth Circuit.

Argued & Submitted June 8, 2005.

Decided June 27, 2005.

---

David B. Lowry, Esq., Portland, OR, for Plaintiff—Appellant.

Rosemary B. Schurman, Esq., Law Office of Rosemary B. Schurman, Jeffrey H. Baird, Esq., Kirkland, WA, Lucille G. Meis, Esq., Office of General Counsel Social Security Administration, Seattle, WA, for Defendant—Appellee.

Before: HUG, THOMPSON, and MCKEOWN, Circuit Judges.

## MEMORANDUM *

Ida Pryor appeals the district court's summary judgment in favor of the Commissioner of Social Security Administration in Pryor's action for disability benefits. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Because the parties are familiar with the facts, we recite them only as necessary for this decision.

■ Pryor argues the ALJ improperly rejected her testimony. We disagree. The ALJ noted numerous reasons for discrediting Pryor, including her deceit regarding her marijuana use, the lack of medical evidence supporting her repeated claims that she suffered a 1999 stroke, her finishing school and beginning a new job while claiming disability, her independent living, her claiming new symptoms upon her admission to the hospital in 2000, and the inconsistency in her testimony regarding social isolation and other minor medical symptoms. These findings are clear and convincing and supported by substan-

---

tial evidence. *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir.1999).

█ Pryor argues the ALJ incorrectly discounted evidence of a 1999 stroke. We disagree. Pryor's treating physicians do note the existence of a stroke, but the medical evidence—a CT scan and doppler study in November 1999—pointed to an older stroke. As the physicians never came to a definite opinion that Pryor had suffered a 1999 stroke (rather than an older one), the ALJ had no duty to recontact them for clarification. *See Smolen v. Chater*, 80 F.3d 1273, 1288 (9th Cir.1996).

█ Pryor argues the ALJ improperly rejected medical evidence of her mental impairments. We disagree. The ALJ found Dr. Chau's opinion was based on Pryor's subjective reporting, a belief that Pryor had suffered a recent stroke, and that her marijuana use had stopped. The ALJ found Dr. Price had overstated Pryor's impairments, did not take into account Pryor's marijuana use, and had become Pryor's advocate as well as medical provider. Dr. Lang's opinion that Pryor suffered a "disability based on psych d/o," was conclusory and unsupported by clinical findings, thus the ALJ could properly reject it. Dr. Calkins diagnosed Pryor with a moderate depressive disorder, but he had no opinion about whether that disorder was any greater than when Pryor was working in the past. The ALJ's rejection of these medical opinions was based on clear and convincing reasons.

Pryor argues that the ALJ improperly rejected her daughter's lay witness testimony. However, the ALJ did not exclude the testimony, rather he found that her testimony had "little probative value." After considering all of the foregoing evidence, the ALJ did not ignore the evidence presented by this lay witness, he merely did not give the evidence much credence because her testimony was unsupported by the record. This determination was supported by clear and convincing evidence and was germane to the witness. *Smolen*, 80 F.3d at 1288.

█ Pryor argues the ALJ's finding that she was capable of performing her past work as an electronics assembler as well as other jobs was unsupported by substantial evidence, and that the ALJ improperly relied on the vocational expert's testimony because the hypotheticals he presented to the expert were incomplete. We disagree. The vocational expert identified alternative jobs a person with Pryor's limitations could perform. Because of Pryor's credibility problems, the ALJ properly omitted certain limitations testified to by Pryor. The ALJ included all of the limitations that he found did exist, thus his findings and reliance on the vocational expert were supported by substantial evidence. *See Magallanes v. Bowen*, 881 F.2d 747, 756 (9th Cir.1989).

Pryor argues the ALJ erred by not conducting a functional analysis of her present capabilities and comparing them with those required for her prior work. Pryor's argument is premised on testimony and medical opinion that the ALJ properly rejected. The ALJ's decision not to conduct a function analysis was therefore proper.

Pryor argues the ALJ failed to assess whether Pryor had a residual functional capacity for working on a regular and continuing basis, failed to consider all of Pryor's impairments, including those that were not severe, and failed to conduct a function-by-function analysis with a narrative discussion describing how the evidence supports each conclusion, including the mental abilities required for competitive work. We disagree. Pryor's arguments are all premised on testimony and medical evidence that the ALJ properly rejected. The ALJ's findings with regard to residual functional capacity are therefore proper.

The ALJ's decision is based on substantial evidence in the record. There is no legal error. The ALJ provides clear, convincing, and specific reasons for his findings. Based on the record as a whole, we affirm.

AFFIRMED.

---

** The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and may not be cited to or by the